UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOSE CASTILLO-PARTIDA,

        Petitioner,                    Civil Number 04-10031-BC
                                              Criminal No. 02-20011-BC
v.                                                Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING MOTION TO VACATE SENTENCE

This matter is before the Court on the petitioner's objections to the magistrate judge's recommendation that the petitioner's motion to vacate sentence filed under 28 U.S.C. § 2255 be denied. The Court finds the objections to be without merit; they will be overruled, the report and recommendation will be adopted, and the Court will deny the motion to vacate sentence.

I.

The petitioner pleaded guilty on June 20, 2002 to a single-count indictment charging him with being an alien who, after previously having been deported, re-entered the United States without first obtaining the consent of the Attorney General, in violation of 8 U.S.C. § 1326. The petitioner was represented by retained attorney Phillip R. Sturtz, who negotiated a plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The agreement called for a sentence that did not exceed the midpoint of whatever sentencing guideline range was determined by the Court. Attached to the plea agreement was a sentencing guideline worksheet prepared by the government attorney, which reflected an anticipated net offense level of 21 (which accounted for a three-level reduction for acceptance of responsibility) and a criminal history category of III

(resulting from six criminal history points), yielding a sentencing range of 46 to 57 months. The midpoint of that range would have been 51 months in custody. However, the presentence investigator discovered an additional criminal conviction that apparently was unknown to the government and not disclosed by the defendant, which added another criminal history point and placed the defendant in criminal history category IV. The actual guideline range therefore turned out to be 57 to 71 months (with the midpoint cap at 64 months). The defendant was sentenced to 57 months in custody to be followed by three years of supervised relief. The court of appeals affirmed the conviction and sentence.

On February 12, 2004, the petitioner filed a *pro se* motion to vacate his sentence alleging that he received ineffective assistance of counsel because his attorney failed to investigate his background properly to determine whether he was in fact a citizen of the United States, induced him to enter a guilty plea he did not understand, incorrectly advised him on the sentence he would receive under the plea, and failed to investigate whether a downward departure was warranted. The Court referred the petition to Magistrate Judge Charles E. Binder under 28 U.S.C. § 636(b)(1)(B), and the Federal Defender was appointed to represent the petitioner. The magistrate judge determined that the motion could be decided without an evidentiary hearing, and on August 19, 2004 he filed his report stating that none of the petitioner's grounds had merit and recommending that the motion be denied.

The petitioner sought and obtained an extension of time to object to the report and recommendation, and he subsequently filed his objections. The objections narrow the focus of the motion; he states that he was entitled to an evidentiary hearing on the question of whether his attorney promised him that he faced a sentence of no more than 46 months, and his attorney's

performance was deficient because he did not move for a downward departure. The government has not responded to the objections.

II.

Under section 2255, a petitioner is entitled to "a prompt hearing." 28 U.S.C. § 2255. The Sixth Circuit has noted that a "hearing is mandatory 'unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)). However, "evidentiary hearings are not required when . . . the record conclusively shows that the petitioner is entitled to no relief." *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). In fact, a "[p]etitioner is *not entitled* to a hearing . . . if the files and records of the case conclusively show that" no relief is warranted. *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003) (emphasis added; internal quotes omitted).

The petitioner states that his trial attorney furnished an affidavit to the government, which was filed with the answer to the section 2255 motion, that contradicts the petitioner's own assertions, and therefore an evidentiary hearing is required to resolve the resulting conflict. However, the Court finds that the petitioner does not allege any facts that, even if found to be true, would entitle him to habeas relief. Consequently, no evidentiary hearing is required in this case.

Since the basis of the petitioner's motion is grounded in the alleged deprivation of the effective assistance of counsel guaranteed by the Sixth Amendment, he must prove both components of the two-pronged *Strickland* test, as reported by the magistrate judge, consisting of defective performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Several cases have held that the failure of defense counsel to predict accurately the sentence that will be imposed

does not constitute defective performance. *See, e.g., Sullivan v. United States*, 11 F.3d 573 (6th Cir. 1993) (no defective performance found where petitioner claimed his counsel was ineffective for failing to explain that the government was under no obligation to agree to a downward departure based on substantial assistance); *United States v. Stephens*, 906 F.2d 251, 253 (6th Cir. 1990) (refusing to allow withdrawal of guilty plea because "the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement"); *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir. 1994) (counsel's alleged failure to inform defendant he might be sentenced as a career offender "did not establish that [defendant's] lawyer's 'representation fell below an objective standard of reasonableness' as required by *Strickland*"); *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993) finding that "[m]isinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel").

Moreover, even if inaccurate advice as to the sentence cap was given before the plea hearing, the petitioner cannot establish prejudice. For guilty plea cases, the Supreme Court refined the second prong of the *Strickland* test as follows:

> The second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Court's advice on the record in this case, faithfully recounted by the magistrate judge in his report, served to disabuse the defendant of any misconception that might have burdened him about his sentence exposure. The Court specifically told the petitioner that it alone made the final

determination of the sentencing guideline range, the determination could not be made until the presentence investigation was completed, and the guideline range estimate that he discussed with his attorney might be different than the range the Court ultimately determined.  The petitioner acknowledged this advice, leading an objective observer to conclude that the petitioner understood fully the risk of pleading guilty, which included a sentence exposure that was uncertain at the time. Plea Tr. at 17-18.  Even if the petitioner's attorney previously had guaranteed the petitioner a specific sentence (which the petitioner also denied, *see* Plea Tr. at 12), the Court's advice on the record put the petitioner on notice that he could rely on no such guarantee.  The petitioner did not ask to withdraw his plea, and he told that Court that even after hearing all the advice and warnings on the record, he "still want[ed] [the Court] to accept [his] plea." *Id.* at 24.

In *Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992), it was uncontested that the petitioner's attorney incorrectly told a guilty-pleading defendant that his state and federal sentences would run concurrently.  The court determined that the attorney was ineffective.  However, the court found the attorney's misadvice was not prejudicial because the sentencing court explicitly told the defendant during the plea hearing that the sentences might not be concurrent.  The court construed the defendant's failure to object or withdraw his plea after being put on notice as an indication that he was not prejudiced by his attorney's failings.  "Despite his attorney's earlier representation of concurrent sentences, there was no prejudice to Warner because he was aware that there was no agreement." *Id.* at 1211-12.

That same reasoning applies with equal force here.  Even if the petitioner is correct in his assertions about the advice his attorney gave him, he cannot establish prejudice because any

-5-

erroneous information that may have been given him by his attorney was corrected by the Court on the record, and the petitioner persisted in his guilty plea.

With respect to the argument relating to a downward departure, the petitioner contends that his attorney was ineffective for failing to move for a downward departure based on aberrant behavior and due to the petitioner's "extraordinary family situation." The petitioner claims that because he had only two prior convictions in state court, one a misdemeanor retail fraud conviction and another for marijuana possession, he deserved a downward departure for aberrant behavior. He also claims that because his children need the guidance of two parents and "his wife needs a husband," he should get a reduction in his sentence.

A "single act of aberrant behavior" may be a basis for downward departure. *See United States v. Lutz*, 154 F.3d 581, 589 (6th Cir.1998). However, *re*-entry into the United States after previously having been deported for an aggravated felony does not amount to a *single* act; it requires a course of conduct that is infused with criminality.

The Sentencing Guidelines' policy statement provides that "family ties and responsibilities . . . are not relevant in determining whether a sentence should be below the applicable [G]uideline range." U.S.S.G. § 5H1.6. Courts look to whether "those circumstances and responsibilities, either individually or in combination with other possible circumstances, convert this case from an ordinary one into an extraordinary one." *United States v. Shalash*, 36 F. Supp. 2d 1013, 1016 (S.D. Ohio 1999). The motion in this case does not contain any other information about the petitioner's family, or even the number of children he has. The lack of information presented by the petitioner regarding his family situation makes it difficult to address his claim that he deserved a downward departure on that ground. However, the record presented does not suggest that the petitioner's personal

circumstances are so unique as to take the case out of the heartland of cases the Guidelines were intended to cover.

The Court is familiar with the record in this case after having presided over the plea and sentencing hearings. "[W]hen the trial judge also hears the collateral proceedings . . . that judge may rely on his recollections of the trial in ruling on the collateral attack." *Blanton*, 94 F.3d at 235 (citing *Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977)). The Court would not have granted a motion for downward departure based on that record, and no new facts presented with the present section 2255 motion change that view. As a consequence, the petitioner cannot establish prejudice on this aspect of his ineffective assistance of counsel claim, even if his attorney's failure to move for a downward departure constituted defective performance. When a criminal defendant cannot prevail on the prejudice component of the ineffective assistance of counsel test, it is not necessary to assess the quality of trial counsel's performance. *Cyars v. Hofbauer*, 383 F.3d 485, 491 (6th Cir. 2004) (explaining "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed").

### III.

The Court finds that the magistrate judge properly determined the issues in the petitioner's motion to vacate his sentence. No evidentiary hearing was required.

Accordingly, it is **ORDERED** that the petitioner's objections to the report and recommendation are **OVERRULED**.

It is further **ORDERED** that the report and recommendation are **ADOPTED**.

It is further **ORDERED** that the motion to vacate sentence [dkt # 42] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 1, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 1, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS
